```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 08-60744-CIV-ZLOCH
```

RYAN LEMONTANG, in his own
right and on behalf of all
persons similarly situated,

       Plaintiff,

                                       **O R D E R**

vs.

J.W. LEE, INC., d/b/a
SCARLETT'S CABARET,

       Defendant.
_____/

     THIS MATTER is before the Court upon Defendant J.W. Lee, Inc. d/b/a Scarlett's Cabaret's Motion To Dismiss (DE 4). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

     Plaintiff initiated the above-styled cause with the filing of his Complaint (DE 1, Ex. A) in Florida state court, which was thereafter removed (DE 1). Plaintiff alleges that Defendant violated the Fair and Accurate Credit Transactions Act of 2003, 15 U.S.C. §§ 1681c-1, et seq. (2006) (hereinafter "FACTA"), by printing more than the last five digits of his credit card number on a receipt. In his Complaint (DE 1, Ex. A), Plaintiff seeks a judgment against Defendant in the amount of his actual damages or statutory damages provided by FACTA. Plaintiff has attached to his Complaint a copy of the credit card receipt in question. Complaint, Ex. A. In the Complaint, Plaintiff states that he has obscured the credit card number, which has made the card number

impossible to read.

In the instant Motion (DE 4), Defendant seeks two forms of relief.  First, Defendant seeks to dismiss the Complaint entirely for failure to state a claim upon which relief can be granted.  Second, and in the alternative, Defendant seeks to dismiss the class action allegations of the Complaint.

Defendant argues that Plaintiff's Complaint fails to state a claim upon which relief can be granted.  As stated above, the Complaint seeks two types of relief: actual damages or statutory damages.  Statutory damages are available for a defendant's willful violation of FACTA.  15 U.S.C. § 1681n(a).  Defendant argues that it cannot be found to have willfully violated FACTA by printing more than the last five digits of Plaintiff's credit card receipt because it replaced some of the other digits with X's.  As stated above, the credit card number on the receipt has been redacted.

Defendant's argument is styled as a motion to dismiss for failure to state a claim; however, Defendant is actually arguing the merits of this action.  Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint if the claims asserted are implausible as pled. Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1965-66 (2007).  That is, the complaint must plead "enough factual matter (taken as true) to suggest" recovery will be warranted. Id. at 1965.  This standard cannot be separated from the federal practice of notice pleading, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.

2

8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Here, Plaintiff has alleged that Defendant violated FACTA, § 1681c(g), by printing more than the last five digits of his credit card number on the receipt. This, it strikes the Court, is enough to apprise Defendant of the claim against it. Further, at this stage in the litigation the Court cannot engage in an analysis of the merits to determine whether any violation was willful. Levine v. World Financial Network Nat'l Bank, 437 F.3d 1118, 1122-24 (11th Cir. 2006) (stating that a determination of whether the conduct was willful cannot be made on the record created by the requirements of notice pleading). Defendant has not moved for the instant Motion (DE 4) to be construed as one for summary judgment. Therefore, limited to whether Plaintiff has stated a claim upon which relief can be granted, the Court finds that he has.

Defendant also argues that Plaintiff has not pled any actual damages for the alleged violation of FACTA. Plaintiff can recover any actual damages sustained as a result of Defendant's negligent violation of FACTA. 15 U.S.C. § 1681o. The Court notes that a plain reading of the Complaint provides, inter alia, these allegations: Plaintiff was a customer of Defendant. Defendant issued a credit card receipt to Plaintiff with more than the last five digits printed on it. Plaintiff seeks damages in excess of $15,000.00, excluding attorney's fees, costs, and punitive damages. DE 1, Ex. A, ¶¶ 1, 2, 4, 7, 11, 22, & 26. While it seems,

considering paragraphs 12 & 13 of the Complaint, that Plaintiff is proceeding only under the willful section of FACTA, § 1681n(a), he has stated a claim for relief for Defendant's negligent violation as well.[1]

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. To the extent that Defendant J.W. Lee, Inc. d/b/a Scarlett's Cabaret's Motion To Dismiss (DE 4) seeks to dismiss the Complaint (DE 1, Ex. A) for failure to state a claim upon which relief can be granted, it be and the same is hereby **DENIED**;

2. In all other respects, the Court reserves ruling on Defendant J.W. Lee, Inc. d/b/a Scarlett's Cabaret's Motion To Dismiss (DE 4); and

3. Plaintiff Ryan Lemontang shall file a Response to part II.B of the instant Motion (DE 4) by noon on Thursday, June 26, 2008.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   19th   day of June, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

---

[1] Statutory damages provided by FACTA are not less than $100 and not more than $1000.  15 U.S.C. § 1681n(a)(1)(A).